**PAN HENG HAN, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

**No. 04–3451–AG.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Pan Heng Han, New York, New York, for Petitioner, pro se.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable JOSÉ A. CABRANES, and Honorable ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 23rd day of February, two thousand six.

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") be and it hereby is DENIED.

Petitioner *pro se* Pan Heng Han ("Pan") petitions for review of the June 3, 2004 BIA decision denying his motion for reconsideration of its March 24, 2004 decision denying, on the ground of untimeliness, his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

A motion to reconsider must specify errors of fact or law in the prior decision and be supported by pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1) (2005). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005); 8 C.F.R. § 1003.2(a). Pan does not contend that there was any error of fact or law in the BIA's March 24, 2004 decision holding that his motion to reopen was untimely; nor do we see any such error. Rather, Pan contends that the BIA should have ruled that his explanation for his untimely filing, *i.e.,* that the car in which he was traveling had broken down, excused his lateness. We see no abuse of discretion in the BIA's refusal to find that that explanation warranted a relaxation of the filing deadline. Nor do we see any abuse of discretion in the BIA's ruling that the evidence presented by Pan did not warrant the BIA's reopening the removal proceedings *sua sponte.*

To the extent that Pan argues that his motion to reopen the removal proceeding should have been granted, those arguments are not properly before us. A petition for review of the denial of a motion to reconsider calls up for review only the

480

merits of the denial of that motion, not the merits of the decision as to which reconsideration is sought; absent a timely petition for review of the underlying decision, this Court is precluded from passing on the merits of that underlying decision. *See, e.g., Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). Pan's petition for review is timely only with respect to the BIA's order denying reconsideration. We lack jurisdiction to review any other order.

We have considered all of petitioner's contentions that are properly before us and have found them to be without merit. The petition for review is denied.

Pan's pending motion for a stay of removal is denied as moot.